IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

Vs.                              Civil Case No. 06-3018-SAC
                                  Criminal Case No. 00-40024-04-SAC

JIMMY D. MAULDIN,

      Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Dk. 2000). In August of 2000, the defendant pleaded guilty to conspiracy to manufacture and distribute in excess of one kilogram of methamphetamine in violation of 21 U.S.C. § 846. The Presentence Report calculated a sentencing range of 292 to 365 months (total offense level of 29 and criminal history category of two) under the United States Guidelines. The court imposed a sentence of 146 months, and the judgment was filed August 9, 2002. The defendant never appealed his conviction or sentence. The current motion is the defendant's first attempt at post-conviction relief.

Trumpeting *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738

(2005), the defendant argues his sentence of 146 months is unconstitutional as based upon judicial findings concerning the quantity of drugs, a firearm enhancement, and obstruction of justice.  The defendant contends the *Booker* holding extends to his § 2255 motion, because *Booker* merely applies the constitutional principles settled in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 includes a one-year limitations period for federal prisoners to file § 2255 motions.[1]  *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  As in this case, when a defendant does not pursue a timely appeal to the court of appeals, the conviction and sentence become final and the one-year limitations period begins running upon the expiration of the time for filing the appeal.  *See United States v. Burch*, 202 F.3d 1274, 1278-79 (10th Cir. 2000).  For purposes of this case, the defendant's time for filing a notice of appeal expired

---

[1] The relevant portions of § 2255[¶ 6] state:
"A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
 (1) the date on which the judgment of conviction becomes final;
. . . .
 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: . . . ."

August 19, 2002, ten days after entry of judgment.  *See* Fed. R. App. P. 4(b)(1)(A)(i) (stating that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days . . . of . . . the entry of either the judgment or the order being appealed"); (Dk. 1615, Judgment entered August 9, 2002).  The one-year limitations period for filing the defendant's § 2255 petition began to run on August 20, 2002, the day after the time for filing his appeal expired. *See United States v. Hurst*, 322 F.3d at 1259-60.  The one-year filing period expired "on the anniversary date of the triggering event," August 20, 2003.  *Id*. at 1261.  Mauldin filed his § 2255 motion than two years after the governing limitations period expired.  Mauldin's petition does not allege nor suggest any circumstances that would warrant the application of equitable tolling in this case.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute permitted in only rare and exceptional circumstances).

In his petition, Mauldin repeatedly alleges his claims "could not have been raised earlier," but the only event mentioned in his petition that occurred subsequent to his conviction or time for filing an appeal was the Supreme Court's decision in *Booker*.  Mauldin bases each ground of his § 2255 petition on the Sixth Amendment ruling in *Booker*.  The court presumes that Mauldin considers his

limitation period to have restarted[2] with the Supreme Court's decision in *Booker*. The wording of § 2255 (¶ 6)(3), however, does not accommodate Mauldin's position, unless the Supreme Court newly recognized a right in *Booker* and made that right retroactively applicable to cases on collateral review. The Tenth Circuit has held that *Booker* does not apply retroactively to cases on collateral review, and the Supreme Court has not ruled otherwise. *United States v. Bellamy*, 411 F.3d 1182, 1184, 1186-88 (10th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005.") Because Mauldin's one-year limitations period for his § 2255 motion expired on August 20, 2003, his motion is barred as untimely under AEDPA.

IT IS THEREFORE ORDERED that defendant's motion pursuant to 28 U.S.C. § 2255 is denied as untimely.

Dated this 1st day of February, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[2] Mauldin's petition also refers to *Apprendi*. The Supreme Court issued *Apprendi* on June 26, 2000, over two years before Mauldin was sentenced. Thus, *Apprendi* cannot be the basis for restarting the statute of limitations.

4